**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**RICHARD HINCHMAN,**

    Plaintiff,

**v.**                                              **CIVIL ACTION NO. 2:10-CV-99
(BAILEY)**

**DR. KAREN WINTERS, et al.,**

    Defendants.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

**I.**    **Introduction**

On this day, the above-styled matter came before this Court for consideration of the Opinion/Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on June 6, 2011 [Doc. 70]. In that filing, the magistrate judge recommended that this Court grant the defendants' motions to dismiss [Docs. 18, 21, 49, & 52] and deny the plaintiff's Motion for Appointment of Counsel [Doc. 56].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Plaintiff Hinchman accepted service on June 7, 2011 [Doc. 72], making his objections due on June 24, 2011. However, on June 22, 2011, an attorney noted his appearance on behalf of the plaintiff and moved for a 30-day extension, which this Court granted [Docs. 73, 74, & 75]. Plaintiff Hinchman timely filed his objections on July 22, 2011 [Doc. 77]. Accordingly, this Court will review the portions of the report and recommendation to which the parties objected *de novo*. The remaining portions will be reviewed for clear error.

## II.     Plaintiff's Allegations and Defendants' Motions to Dismiss

### A.     Plaintiff's Inmate Grievance Form

On April 26, 2010, the plaintiff, an inmate at the St. Mary's Correctional Center ("SMCC") in St. Mary's, West Virginia, filed a grievance with the West Virginia Division of Corrections [Doc. 1-1]. The plaintiff's grievance contains the following allegations. In October 2009, he was admitted to the SMCC medical unit after having trouble breathing. Later that evening, the plaintiff notified the "nursing staff" that he had suffered a stroke subsequent to his admission. Without examining the plaintiff or informing Dr. Karen Winters of his complaints, the nursing staff concluded that the plaintiff was faking and had not had a stroke. During this same time, a prison guard, CO II Webster, threatened that the plaintiff "get out of bed" or he would have the plaintiff "transferred to Huttonsville for

2

thirty (30) days in lock-up." Later, upon being examined by another nurse who had just begun her evening shift, the plaintiff was transferred to St. Joseph's Hospital in Petersburg, Virginia, where he was diagnosed as having suffered a stroke. The plaintiff was discharged four days later and sent to the medical unit at the Mount Olive Correctional Complex. Based upon these allegations, the plaintiff asserted that the medical staff at SMCC was deliberately indifferent to his serious medical needs and that "all of the nurses beginning with Vicki Gheen, R.N. should be removed . . .."

### B.     Plaintiff's "Notice of Intent"

On August 23, 2010, the plaintiff filed a document titled "Notice of Intent" [Doc. 1] in the United States District Court for the Norther District of West Virginia. This filing, which has been construed as the plaintiff's Complaint, names the following individuals as defendants to a 42 U.S.C. § 1983 action for deliberate indifference: (1) Karen Winters, M.D. ("Dr. Winters"); (2) Vicki Gheen, HSA ("HSA Gheen"); (3) Linda Perkins, R.N. ("Nurse Perkins"); and (4) Kim Stull, L.P.N.[1] ("Nurse Stull"). The plaintiff noted his intent to allege that although he complained to medical personnel that he had suffered a stroke, he was not transported to a hospital for sixteen (16) hours. The plaintiff also noted his intent to allege that Dr. Winters "was not available nor could be found for authorization to have him removed and transported to St. Joseph's Hospital."

Attached to his Notice of Intent is the plaintiff's grievance form [Doc. 1-1] and HSA Gheen's response [Doc. 1-2]. In her response, HSA Gheen states that the plaintiff was admitted to the medical unit with complaints of shortness of breath on October 22, 2009.

---

[1]The plaintiff inaccurately named Kim Stull as "Kim Stutts."

3

The plaintiff was placed in observation after no neurological deficit was noted. On October 23, 2009, the plaintiff complained of numbness in his right arm and foot, though again no neurological deficit was noted. At 5:18 p.m., the plaintiff was found on the floor beside his bed in the medical unit. At this time, the plaintiff was noted to be flaccid on his right side. Dr. Winters was notified, and the inmate was transferred to St. Joseph's Hospital for evaluation.

On August 23, 2010, the Clerk of the Court issued a Notice of Deficient Pleading [Doc. 3], recognizing two deficiencies regarding the plaintiff's Notice of Intent. First, the plaintiff had failed to pay the $350.00 filing fee or apply to proceed *in forma pauperis*. Second, the plaintiff had failed to file his Complaint on the correct form, which the Clerk enclosed.

### C. Plaintiff's Complaint

On August 30, 2010, the plaintiff filed his Complaint (on the correct form) [Doc. 5] and paid the $350.00 filing fee [Doc. 6]. The plaintiff's Complaint names the following defendants: (1) Dr. Winters; (2) Wexford Health Sources, Inc.[2] ("Wexford"); (3) HSA Gheen; and (4) William Fox, Warden ("Warden Fox"). The plaintiff claims that the these defendants were deliberately indifferent to his serious medical needs by delaying treatment of his stroke.

On September 1, 2010, Magistrate Judge Seibert conducted his preliminary review and determined that summary dismissal of the Complaint was not warranted. ([Doc. 7] at

---

[2]The plaintiff improperly named Wexford as "Wexford Health Care."

1). Accordingly, the magistrate judge directed the Clerk to issue 21-day summonses for service on Warden Fox, HSA Gheen, Nurse Perkins, Nurse Stull, Dr. Winters, and Wexford and noted that the plaintiff was required to serve these defendants on or before December 21, 2010. (Id. at 2). On September 10, 2010, each summons returned executed except for the summons for Dr. Winters, which returned unexecuted [Docs. 10, 11, 12, 13, 14, & 15].

### D.     Motion to Dismiss Complaint by HSA Gheen, Nurse Perkins, Nurse Stull, and Wexford

On September 24, 2010, Wexford, HSA Gheen, Nurse Perkins, and Nurse Stull moved to dismiss the Complaint for failure to state a claim [Doc. 18]. With regard to Wexford, the defendants argue that the plaintiff has failed to state a § 1983 claim because he does not assert that the alleged deliberate indifference was the result of a custom or policy. Next, the defendants argue that Nurse Perkins and Nurse Stull should be dismissed because they are named only in the plaintiff's Notice of Intent, not in his Complaint. Finally, the defendants argue that the plaintiff's allegations, taken as true, fail to rise to the level of deliberate indifference.

### E.     Motion to Dismiss Complaint by Warden Fox

On September 29, 2010, Warden Fox moved to dismiss the Complaint for failure to state a claim [Doc. 21]. Specifically, Warden Fox argues that the Complaint fails to allege either that he had any personal involvement in the plaintiff's medical treatment or that he supervised or controlled the actions taken by the medical personnel. Moreover, Warden Fox argues that he cannot be found liable as deliberately indifferent for relying upon the

5

opinions of medical personnel.

### F. Plaintiff's Amended Complaint

On October 18, 2010, the plaintiff moved for leave to amend his Complaint [Doc. 30] for two purposes. First, the plaintiff stated that he "need[ed] to withdraw Ms. Stull or Ms. Stutts because she does assist inmates every way she can . . .." (Id. at 3). Second, the plaintiff explained that his legal assistant identified CO II Webster as the allegedly abusive prison guard, though the plaintiff is unaware of the guard's identity. (Id.). On November 17, 2010, Magistrate Judge Seibert granted the plaintiff leave to file an amended complaint [Doc. 43].

In his Amended Complaint [Doc. 44], the plaintiff alleges that the first time he told HSA Gheen and Nurse Perkins about numbness and his belief that he had suffered a stroke they ignored his complaints as "putting on." (Id. at 2). Moreover, the plaintiff alleges that HSA Gheen made "bad choices," including that she told him "he did not have a stroke because his mouth wasn't drawn . . .." (Id. at 3).

### G. Motion to Dismiss Amended Complaint by HSA Gheen, Nurse Perkins, Nurse Stull, and Wexford

On November 24, 2010, Wexford, HSA Gheen, Nurse Perkins, and Nurse Stull moved to dismiss the Amended Complaint for failure to state a claim [Doc. 49]. With regard to HSA Gheen and Nurse Perkins, the defendants argue that the plaintiff's allegations of misdiagnosis sound in negligence, not deliberate indifference. Next, the defendants argue that the plaintiff appears to have abandoned any claim against Nurse Stull. Finally, the defendants argue that Wexford cannot be held liable in a § 1983 action.

### H. Motion to Dismiss Amended Complaint by Warden Fox

On November 29, 2010, Warden Fox moved to dismiss the Amended Complaint for failure to state a claim [Doc. 53]. In support of his motion, Warden Fox argues that the plaintiff has again failed to allege that Warden Fox had any personal involvement with, or supervisory authority over, the plaintiff's medical treatment.

On December 7, 2010, the plaintiff filed a Motion for Appointment of Counsel [Doc. 56].

## III. Magistrate Judge's R&R and Plaintiff's Objections

On June 6, 2011, Magistrate Judge Seibert issued the instant R&R recommending that this Court grant the defendants' motions to dismiss and deny the plaintiff's motion for appointment of counsel [Doc. 70]. First, the magistrate judge recommended the dismissal of Dr. Winters based upon the plaintiff's failure to perfect service. Next, the magistrate judge found that the plaintiff had abandoned any claim against Nurse Stull in his Motion for Leave to File an Amended Complaint. The magistrate judge then determined that the plaintiff had failed to state a claim against Warden Fox because he neither alleged personal involvement nor made allegations that would support a finding of supervisory liability. Similarly, the magistrate judge concluded that Wexford could not be held liable pursuant to § 1983 absent allegations that any deliberate indifference resulted from a policy or custom of the health care provider. Finally, the magistrate judge determined that the plaintiff's allegations against HSA Gheen and Nurse Perkins do not support a finding of deliberate indifference. Instead, their actions amount, at most, to negligence.

On June 22, 2011, an attorney noted his appearance on behalf of the plaintiff and

moved for a 30-day extension to file objections, which this Court granted [Docs. 73, 74, & 75]. The plaintiff timely filed his objections on July 22, 2011 [Doc. 77].

## IV. Applicable Standards

### A. Motion to Dismiss Standard

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." ***Bell Atl. Corp. v. Twombly***, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." ***Id.*** (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, — U.S. —, 129 S. Ct. 1937, 1949 (May 18, 2009)(internal quotations and citations omitted).

Additionally, a 12(b)(6) motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56(c) where "matters outside the pleadings are

presented to and not excluded by the court." Fed. R. Civ. P. 12(d).  Here, in addition to the complaints, the parties have presented to the Court four exhibits: (1) the plaintiff's grievance form; (2) HSA Gheen's response to the plaintiff's grievance; (3) correspondence between the plaintiff and West Virginia Advocates, Inc.; and (4) the affidavit of Warden Fox. Because the plaintiff's grievance form is attached as an exhibit to his Complaint and helps to explain his *pro se* allegations, this Court may consider that exhibit without converting the defendants' motions.  See **Fayetteville Investors v. Commercial Builders, Inc.**, 936 F.2d 1462, 1465 (4th Cir. 1991).  However, in consideration of the 12(b)(6) motions, the Court has elected to exclude the other exhibits, making a summary judgment standard inapplicable to the defendants' motions.  See Fed. R. Civ. P. 12(d).

### B. Deliberate Indifference Standard

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII. . . .  "[D]eliberate indifference entails something more than mere negligence," **Farmer v. Brennan**, 511 U.S. 825, 835 (1994), but indifference can be manifested by prison doctors intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  **Estelle v. Gamble**, 429 U.S. 97, 104-05 (1976).

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. **Estelle**, 429 U.S. at 104.  To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official

9

acted with a "sufficiently culpable state of mind." **Wilson v. Seiter**, 501 U.S. 294, 298 (1991).

A "serious" medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. **Gaudreault v. Municipality of Salem, Mass.**, 923 F.2d 203, 208 (1st Cir.), *cert. denied*, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. **Monmouth County Corr. Inst. Inmates v. Lanzaro**, 834 F.2d 326, 347 (3d Cir.), *cert. denied*, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. **Wilson**, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. **Farmer**, 511 U.S. at 835. A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." *Id*. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." **Miltier v. Beorn**, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment

10

unless exceptional circumstances exist.  ***Wright v. Collins***, 766 F.2d 841, 849 (4th Cir. 1985).  A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention . . .."  See ***Morales Feliciano v. Calderon Serra***, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing ***Brock v. Wright***, 315 F.3d 158, 162 (2d Cir. 2003)).

## V. Analysis

### A. Plaintiff's Motion for Appointment of New Counsel

On December 7, 2010, the plaintiff filed a Motion for Appointment of New Counsel [Doc. 56].  On June 22, 2010, an attorney noted his appearance on behalf of the plaintiff [Doc. 73].  Accordingly, the plaintiff's motion should be **DENIED AS MOOT**.

### B. Dr. Winters

Upon paying his $350.00 filing fee, the plaintiff was responsible for obtaining service of process on the defendants.  On September 1, 2010, summonses were issued to the plaintiff for service on the defendants, including Dr. Winters.  On the same day, the magistrate judge notified the plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure required that service be made upon each defendant within 120 days after filing of the complaint.  The magistrate judge even computed the deadline for service in his case, December 21, 2010.

On March 23, 2011, when the summons for Dr. Winters returned unexecuted and the 120-day period had elapsed, the magistrate judge ordered the plaintiff to effect service

on Dr. Winters within thirty (30) days. Failure to provide proof of service during that time period, the magistrate judge emphasized, "**will result in dismissal, without prejudice, of the complaint as it relates to Dr. Winters.**" ([Doc. 61] at 2) (emphasis in original). To date, the plaintiff has failed to provide proof of service on Dr. Winters. For this reason, the magistrate judge recommends the dismissal of Dr. Winters. This Court agrees.

The plaintiff has been given ample opportunity to perfect service of process on Dr. Winters. The plaintiff has also been clearly cautioned that failure to do so would result in Dr. Winters' dismissal without prejudice. Accordingly, the plaintiff's objection to the dismissal of Dr. Winters is **OVERRULED**.

### C.  Defendants' Motions to Dismiss

#### 1.  Nurse Stull

In moving for leave to amend his Complaint, the plaintiff stated that he "need[ed] to withdraw Ms. Stull or Ms. Stutts because she does assist inmates every way she can . . .." ([Doc. 30] at 3). Based upon this statement, the magistrate judge concluded that the plaintiff abandoned any claim against Nurse Stull. This Court agrees.

By stating that he "need[ed] to withdraw [Nurse] Stull," this Court must conclude that the plaintiff intended to abandon any claim against Nurse Stull. Accordingly, the plaintiff's objection to the dismissal of Nurse Stull is **OVERRULED**.

#### 2.  Warden Fox

The magistrate judge properly found that in order to establish personal liability against a defendant in a § 1983 action, the defendant must be personally involved in the

alleged wrong(s); liability cannot be predicated solely under *respondeat superior*. *See* **Monell v. Department of Social Services**, 436 U.S. 658 (1978); **Vinnedge v. Gibbs**, 550 F.2d 926, 928 (4th Cir. 1977).  The magistrate judge went on to state that the plaintiff "...appears to allege that [Warden Fox] is responsible for his staff and their actions." ([Doc. 70] at 9).  This Court agrees.

When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if the subordinate acted pursuant to an <u>official policy or custom</u> for which he is responsible, *see* **Fisher v. Washington Metropolitan Area Transit Authority**, 690 F.2d 1113 (4th Cir. 1982); **Orum v. Haines**, 68 F. Supp.2d 726 (N.D.W.Va. 1999), or the following elements are established:  "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." **Shaw v. Stroud**, 13 F.3d 791, 799 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994).  "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." *Id.* "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Id.*

The magistrate judge concluded based on the above-cited law that Warden Fox must be dismissed as "plaintiff makes no allegations in his complaint which reveals the presence of the required elements for supervisory liability against Warden Fox." ([Doc. 70] at 10). This Court agrees.

In ***Mason v. Wexford Health Sources***, 2011 WL 96571 (N.D. W.Va. Jan. 11, 2011), this Court found that Mason had sufficiently stated a deliberate indifference claim against his warden based upon supervisory liability. Mason alleged not only that he was treated with ineffective medicine in response to a Methicillin Resistant Staphylococcus Aurus ("MRSA") infection, but also that he was put back into the general population and that it is the <u>official policy or custom</u> of the prison not to isolate inmates infected with MRSA. Mason further alleged that it was the official policy or custom of the prison not to provide inmates infected with MRSA clean bedding or clothing, and that the prison had official policy or custom to wash infected inmate's bedding and clothing along with that of uninfected inmates. Finally, Mason alleged that these policies and customs of the prison resulted in him getting reinfected with MRSA. ***Mason***, 2011 WL 96571 at *6.

Unlike Mason, the plaintiff has failed to make any allegation that any delay in the receipt of treatment for his stroke resulted from an official policy or custom of the prison. In fact, the plaintiff completely fails to discuss any policy at SMCC relating to his medical treatment. As such, unlike Mason, the plaintiff has failed to state a deliberate indifference claim against Warden Fox based upon supervisory liability. Accordingly, the plaintiff's objection to the dismissal of Warden Fox is **OVERRULED**.

### 3. Wexford

Next, the magistrate judge found that the plaintiff's claim against Wexford must be dismissed because "there are no allegations against Wexford involving policies or customs" resulting in the plaintiff's alleged deprivation. This Court agrees.

"According to the Fourth Circuit Court of Appeals, 'a private corporation [which is a state actor] is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" *Page v. Kirby*, 314 F.Supp.2d 619, 622 (N.D. W.Va. 2004) (quoting *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999)). A private entity which contracts with the state to provide medical services acts "under color of state law." *West v. Atkins*, 487 U.S. 42, 54 (1988).

In *Mason*, this Court also allowed claims of deliberate indifference to proceed against Wexford based upon supervisory liability. Specifically, this Court noted that "it [was] unclear whether the policy or custom of not isolating inmates, and not segregating their bedding and clothing from other uninfected inmates is the policy or custom of the prison- or whether that policy or custom is based on the medical advice of the employees of Wexford." *Mason*, 2011 WL 96571 at *7.

Here, by contrast, the plaintiff has failed to allege the existence of any policy or custom which led to his alleged deprivation, whether a policy or custom of the prison or Wexford. Accordingly, the plaintiff's objection to the dismissal of Wexford is **OVERRULED**.

### 4. HSA Gheen and Nurse Perkins

Finally, the magistrate judge recommends the dismissal of HSA Gheen and Nurse

15

Perkins because "the plaintiff's allegations do not support a finding of deliberate indifference." ([Doc. 70] at 13). This Court agrees.

In *Sealock v. Colorado*, 218 F.3d 1205, 1207 (10th Cir. 2000), an inmate awoke in his cell to find himself sweating so heavily that his bed and clothing were soaked. The inmate, not feeling well, asked his roommate to summon a correctional officer. *Id.* at 1207-08. Officer French appeared at the inmate's cell and observed that he was sweating and vomiting. *Id.* at 1208. The inmate told Officer French that he was also experiencing chest pains. Officer French told the inmate that he would have to wait until 6:00 a.m. because there was no one in the infirmary. After another hour of increasing chest pains, the inmate asked his roommate to again summon Officer French. Five minutes later, Officer French showed up with Sergeant Barrett. The inmate told the officers that he was having chest pain and might be having a heart attack. Sergeant Barrett also stated that there was no one in the infirmary until 6:00 a.m. The inmate arrived at the infirmary at 6:00 a.m. and told Nurse Huber that he had chest pain and trouble breathing. Nurse Huber told the inmate that he had the flu and that there was nothing she could do for him until the physician's assistant arrived at 8:00 a.m. When P.A. Havens called around 8:00 a.m., Nurse Huber failed to mention that the inmate complained of chest pain. After further complaints of chest pain the next day, another physician's assistant administered an EKG and ordered an ambulance. The inmate was taken to the hospital, where it was determined that he had suffered a major heart attack. *Id.*

The inmate sued prison and medical personnel, including Nurse Huber, for deliberate indifference to his heart attack. *Id.* at 1209. The district court granted summary

16

judgment in favor of Nurse Huber. *Id.* On appeal the Tenth Circuit Court of Appeals affirmed the dismissal of Nurse Huber:

> We agree with the district court that [Nurse] Huber is entitled to summary judgment. At worst, she misdiagnosed appellant and failed to pass on information to P.A. Havens about appellant's chest pain. Appellant has failed to show that she was deliberately indifferent to his serious medical needs.

*Id.* at 1211.

Like Nurse Huber in **Sealock**, neither HSA Gheen nor Nurse Perkins can be characterized as deliberately indifferent under the plaintiff's allegations. The plaintiff alleges that upon complaining about numbness in his right arm and foot, neither individual determined that the plaintiff had suffered a stroke. ([Doc. 44] at 2). Specifically, the plaintiff alleges that HSA Gheen told him "he did not have a stroke because his mouth wasn't drawn . . .." (Id. at 3). The plaintiff described HSA Gheen's diagnosis as a "bad call" or "bad choice." (Id. at 2-3).

Upon careful consideration of the above, this Court holds that the plaintiff's allegations, taken as true, fail to establish deliberate indifference on the part of HSA Gheen or Nurse Perkins. At worst, they misdiagnosed the plaintiff and failed to pass on information to Dr. Winters. As such, their alleged actions may rise to the level of negligence. However, a finding of deliberate indifference requires more than a showing of negligence.[3] *See* **Farmer**, 511 U.S. at 835. Accordingly, the plaintiff's objection to the

---

[3]This Court notes that it makes no determination as to the plausibility of a negligence claim on the plaintiff's allegations. The plaintiff has been clear since his first filing that he alleges "'deliberate indifference' to his serious medical needs . . . in violation of the Eigth [sic] Amendment (*See* **Estelle v. Gamble**, 429 U.S. 97, 104 S.Ct. 285 (1976)." ([Doc. 1] at 2). That a *pro se* plaintiff uses terms like "negligence," "neglect," "malpractice," "bad

17

dismissal of HSA Gheen and Nurse Perkins is **OVERRULED**.

## VI. Conclusion

Upon careful review of the above, this Court hereby **ADOPTS** the magistrate judge's **Opinion/Report and Recommendation [Doc. 70]**. Further, the plaintiff's Objections **[Doc. 77]** are hereby **OVERRULED**. Accordingly, the Court is of the opinion that the defendants' motions to dismiss **[Docs. 18, 21, 49, & 52]** should be, and the same hereby are, **GRANTED**. In addition, this Court finds that the plaintiff's Motion for Appointment of Counsel **[Doc. 56]** should be, and hereby is, **DENIED AS MOOT**. It is further **ORDERED** that the plaintiff's complaints **[Docs. 1, 5, & 44]** are hereby **DISMISSED WITH PREJUDICE** as to all defendants except Dr. Winters (concerning whom the plaintiff's complaints are **DISMISSED WITHOUT PREJUDICE**), that the Clerk enter a separate judgment for the defendants, and that this matter be **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record.

**DATED:** July 27, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

call," and "bad choice" in an effort to support his claim goes more properly only to whether he has sufficiently stated a claim for deliberate indifference.